IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10054
Conference Calendar

_____

ALBERT LEE ROBERTSON,

Plaintiff-Appellant,

versus

TERRY R. MEANS; CHARLES R. FULBRUGE, III;
WILLIAM K. SUTER; GARY L. MEDLIN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No.4:00-CV-1741-A
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Albert Lee Robertson, Texas prisoner # 746610, appeals from the dismissal of his civil rights action under 42 U.S.C. § 1983 for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Robertson's pleadings, even after the district court ordered him to amend his complaint, did not contain a supportable allegation of the violation of a constitutional right and were at best conclusory. His allegations on appeal are equally vague and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusory.  Therefore, the district court did not err in dismissing his § 1983 complaint.  See Resident Council of Allen Parkway Village v. United States Dept. of Housing and Urban Dev., 980 F.2d 1043, 1050 (5th Cir. 1993); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). Because Robertson's complaint revolves around the dismissal of his federal habeas petition, to the extent that he attempts to challenge his conviction or confinement, his claims are barred. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Accordingly, we find that the appeal is without arguable merit, and it is dismissed as frivolous.

Robertson has had at least one prior civil rights complaint dismissed as frivolous.  See Robertson v. Layton, No. 96-CV-798 (E.D. Tex. Jan. 27, 1997).  Because this appeal is dismissed as frivolous and his instant 42 U.S.C. § 1983 complaint was dismissed by the district court for failure to state a claim, Robertson now has at least three strikes against him within the meaning of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Robertson may not proceed IFP in any civil action or appeal brought while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g); see Adepegba, 103 F.3d at 385.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.